## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**GERALD LAMAY and MALINDA LAMAY**                                    **PLAINTIFFS**

**v.**                                                          CAUSE NO. <u>1:23cv137TBM-RPM</u>

**GULFSIDE CASINO PARTNERSHIP d/b/a ISLAND
VIEW CASINO RESORT, KAREN MONROE,
and JOHN DOES 1 - 5**                                                  **DEFENDANTS**

### <u>COMPLAINT</u>
### (Jury Trial Requested)

COME NOW Plaintiffs Gerald and Malinda LaMay, and file this their Complaint against Defendants Gulfside Casino Partnership d/b/a Island View Casino Resort, Karen Monroe, and John Does 1 - 5. In support thereof, Plaintiffs would respectfully show unto the Court the following:

### I.  <u>PARTIES</u>

1.  Plaintiff Gerald LaMay is an adult resident citizen of Mobile County, Alabama.

2.  Plaintiff Malinda LaMay is an adult resident citizen of Mobile County, Alabama.

3.  Defendant Gulfside Casino Partnership d/b/a Island View Casino Resort ("Island View Casino") is a general partnership doing business in the State of Mississippi. Defendant Island View Casino may be served process through its registered agent, Mike Bruffey, at 3300 West Beach Boulevard, Gulfport, Mississippi, or as otherwise permitted pursuant to the Mississippi Rules of Civil Procedure.

4.  Defendant Karen Monroe is an adult resident citizen of Harrison County, Mississippi. Defendant Monroe may be served process of this Court at her residence address of 1301 Oakhill Avenue, Gulfport, Mississippi, or wherever she may be found.

1

5.  John Does 1-5 are entities and/or individuals as yet unknown and unidentified to the Plaintiffs, or individuals or entities who cannot be found by reasonable inquiry, including but not limited to, employees or agents of the Defendants, owners and operators of the vehicle, manufacturers of the vehicle, suppliers of the equipment or tires, and/or other persons or entities involved in the event. Such John Doe defendants will be identified and named if/when their identify becomes known.

## II.  JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. 1332, as there is diversity of citizenship between Plaintiffs and Defendants. Further, the amount in controversy exceeds $75,000.00.

7.  The Court has personal jurisdiction over the Defendants because Defendants are Mississippi residents and the negligent acts and omissions of Defendants were committed in whole or in part in Harrison County, Mississippi.

8.  Venue is proper in this Court pursuant to 28 U.S.C. §1391. Defendants committed a tort in whole or in part in the geographical area comprising or encompassed by the United States District Court for the Southern District of Mississippi, such that venue is appropriate in this Court.

## III.  FACTS

9.  On May 5, 2023, Plaintiffs Gerald and Malinda LaMay were business invitees of the Island View Casino. Plaintiffs had dinner at Beach Blvd Steamer Restaurant that evening.

10.  Island View Casino owns and/or operates Beach Blvd Steamer Restaurant, and Island View Casino provided a complimentary meal to the Plaintiffs that evening.

11.  After dinner, at approximately 5:59 p.m., Plaintiffs departed Beach Blvd Steamer Restaurant and began walking back to the Island View Casino where they were staying. Plaintiffs

were pedestrians crossing from east to west on 33rd Avenue in Gulfport, Harrison County, Mississippi.

12.  On the same date and at the same time, Defendant Karen Monroe was operating a 2019 Ford E-Series van on Island View Casino's property.

13.  Defendant Monroe pulled out of Island View Casino's driveway and turned north onto 33rd Avenue.

14.  Suddenly, negligently, carelessly, recklessly, and without warning, Defendant Monroe struck Plaintiff Gerald LaMay with the front of the 2019 Ford E-Series van.

15.  The impact caused Plaintiff Gerald LaMay to be thrown about in a violent and injurious manner causing Plaintiff to incur multiple broken ribs, lacerated liver, pleural effusion, and other significant and permanent injuries.

16.  Upon information and belief, Defendant Monroe was an employee of Defendant Island View Casino, and Defendant Island View Casino owned the 2019 Ford E-Series van that was being operated by Defendant Monroe.

17.  As a direct and proximate result of the careless, reckless, and negligent acts of Defendants, Plaintiff Gerald LaMay sustained significant and permanent injuries and damages.

18.  Further, as a direct and proximate result of the careless, reckless, and negligent acts of Defendants, Plaintiff Malinda LaMay sustained loss of consortium, loss of household services, mental anguish, and other damages.

19.   The Defendants' negligence has directly caused the Plaintiffs to have already incurred significant medical treatment and expenses, and Plaintiffs can reasonably expect to incur such treatment and expenses in the future.

## IV.  <u>CAUSES OF ACTION</u>

### <u>NEGLIGENCE OF ISLAND VIEW CASINO</u>

20.  Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

21.  Plaintiffs allege that the negligence of Defendant Monroe may be directly imputed to Defendant Island View Casino under the theories of vicarious liability and/or agency.

22.  Plaintiffs charge Defendant Island View Casino with negligence because Defendant Monroe was acting within the course and scope of her employment and/or agency with Island View Casino.

23.  Further, Plaintiffs charge Defendant Island View Casino with negligence because Island View Casino owned the vehicle that was being operated by Defendant Monroe.

24.  Plaintiffs charge Defendant Island View Casino through vicarious liability with negligence in failing to keep and maintain a proper lookout; with negligence in failing to keep and maintain the vehicle under free and easy control; with negligence in not maintaining proper speed; with negligence in failing to maintain a proper distance from other vehicles; with negligence in operating the vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with negligence in losing control of the vehicle causing it to collide with Plaintiff Gerald LaMay; with negligence for violating Mississippi Code Annotated Section 63-3-1213 for careless driving; with negligence for violating Mississippi Code Annotated Section 63-3-1201 for reckless driving; with negligence for violating Mississippi Code Annotated Section 63-3-505 for not reducing speed when approaching an intersection; with negligence for violation of various other Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations; negligence per se; and with any other acts of negligence that may exist but may not be known until discovery.

25.  Plaintiffs allege that as a direct and proximate result of the multiple acts of negligence of Defendant Monroe, acting as an agent of Defendant Island View Casino, Plaintiffs were caused to suffer the aforesaid injuries and damages.

26.  Plaintiffs allege that all the aforesaid negligence of Defendant Monroe is directly imputed to the Defendant Island View Casino because the vehicle driven by Monroe was operated by Island View Casino for the purpose of Island View Casino's business, and Monroe was then, and at all times complained of, the agent, employee, and servant of Island View Casino and was acting within the course and scope of her employment.

27.  Plaintiffs additionally charge Defendant Island View Casino with these independent acts of negligence: negligent hiring; negligent training; negligently failing to supervise its employee and/or the driver; negligent retention of the driver; failing to provide driver safety training courses to its employee and/or the driver; failing to instruct its employee and/or the driver on safe driving habits; failing to have a driver safety review board and training board; failing to follow its own safety standards and industry safety standards; failing to stress safe driving habits to its employee and/or the driver; encouraging the employee's and/or the driver's unsafe driving habits to further its cause; authorizing the driver to use a cell phone and/or other handheld electronic device while attempting to operate a vehicle; failure to train the driver to maintain proper lookout, proper distance, proper speed, proper control; failure to train and prevent the driver from speeding; negligent maintenance; negligent repair; lack of proper equipment including mechanical issues and inadequate tires and brakes; not having an updated inspection on the vehicle; negligent entrustment; violation of its policies and procedures and company standards; negligence per se; and with any other acts of negligence that may exist but may not be known until discovery.

28.  Plaintiffs allege the negligent acts of Defendant Island View Casino were a direct and proximate result of their injuries.

## NEGLIGENCE OF KAREN MONROE

29.  Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

30.  Defendant Monroe had a duty to operate the vehicle with reasonable care, and she breached that duty in the following manner:

    a.  Failed to keep and maintain a proper lookout;

    b.  Failed to keep and maintain her vehicle under proper control;

    c.  Failed to keep and maintain a proper distance between her vehicle and Plaintiff;

    d.  Failed to use reasonable care;

    e.  Failed to follow the rules of the road;

    f.  Failed to drive in a prudent manner; and

    g.  Such other acts or omissions to be shown at trial of this matter.

31.  It was foreseeable to Defendant Monroe that her acts and/or omissions would cause injury and damage to others, such as the Plaintiffs.

32.  Plaintiffs allege the negligent acts of Defendant Karen Monroe were a direct and proximate result of their injuries.

## NEGLIGENCE PER SE OF KAREN MONROE

33.  Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

34.  Defendant Monroe violated the Mississippi Rules of the Road. Specifically, Defendant Monroe violated the following rules on May 5, 2023, which were a direct and proximate result of the injuries and damages sustained by Plaintiffs:

a.  Miss. Code Ann. § 63-3-505, which requires drivers to reduce speed when special hazards exist with respect to pedestrians or other traffic;

b.  Miss. Code Ann. § 63-3-1112, which requires every driver to exercise due care to avoid colliding with any pedestrian and to give an audible signal when necessary;

c.  Miss. Code Ann. § 63-3-1201, which prohibits reckless driving; and

d.  Miss. Code Ann. § 63-3-1213, which prohibits careless or imprudent driving.

## NEGLIGENCE OF JOHN DOES 1 - 5

35.  Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

36.  John Does 1-5 are entities, companies, or persons whose names and identities are unknown at this time to the Plaintiffs but who may have been working in conjunction or in a joint venture or as a partner with the Defendants or who may have committed independent acts of negligence against the Plaintiffs and may be responsible for the damages caused to the Plaintiffs. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to the Plaintiffs for their injuries. Plaintiffs will amend the Complaint to add the names of the parties who may be John Does if/when that information becomes available.

## V.    DAMAGES

37.  Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

38.  As a direct and proximate result of the negligent acts of Defendants, Plaintiffs suffered injuries and incurred damages. These injuries and damages include, but are not limited to, the following:

a.  Broken bones, disfigurement, impairment, and other physical injuries;

b.  Past, present, and future medical expenses;

c.  Past, present, and future pain, suffering, and mental anguish;

d.  Loss of consortium and household services; and

e.  Any other damages or injuries that may be shown at trial.

WHEREFORE PREMISES CONSIDERED, Plaintiffs Gerald and Malinda LaMay demand judgment from Defendants in an amount within the jurisdictional limits of this Court, plus post-judgment interest, all costs of court, and any other relief which the Court or jury deems just and appropriate under the circumstances.

Respectfully submitted this the 8th day of June 2023

**GERALD AND MALINDA LAMAY,**
**PLAINTIFFS**

*/s/ Bobby L. Dallas*
Bobby L. Dallas

**OF COUNSEL:**

Bobby L. Dallas, MS Bar No. 5778
Heber S. Simmons III, MS Bar No. 8523
Anderson R. Brown, MS Bar No. 105571
**SIMMONS DALLAS, PLLC**
240 Trace Colony Park Drive, Suite 200
Ridgeland, Mississippi 39157
601.933.2040 - Telephone
601.933.2050 – Facsimile